NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| EMPIRE FIRE & MARINE INSURANCE CO., | ) ) ) ) |
| Plaintiff, | ) ) |
| v. | Civil Action No. 05-1048 (GEB) |
|  | **MEMORANDUM OPINION** |
| SPEEDY TRANSPORT OF N.J., INC., THOMAS C. VITALE, SR., Administrator of the Estate of THOMAS C. VITALE, JR. | ) ) ) ) |
| Defendants, and | ) ) |
| HANOVER INSURANCE COMPANY | ) ) |
| Defendant/Intervenor. | ) ) |

**BROWN, Chief Judge**

This matter comes before the Court upon the Motion for Summary Judgment of Plaintiff Empire Fire & Marine Insurance Co. (""Empire Fire") against Defendants Speedy Transport of N.J., Inc. ("Speedy Transport") and Thomas C. Vitale, Sr. ("Vitale, Sr."), Administrator of the Estate of Thomas C. Vitale, Jr. ("Vitale, Jr.") (collectively "Defendants"). The Court has reviewed all documents filed and submitted and has decided the motion without oral argument pursuant to Federal Rule of Civil Procedure 78. For the reasons set forth below, the Court will deny Empire Fire's Motion for Summary Judgment.

**BACKGROUND**

On April 17, 2004, Mr. Vitale, Jr. was struck and killed by a vehicle while riding his motorcycle. (Pl. Br. at 2; Def. Opp'n at 3.) The automobile involved in the collision was not

insured.  (Pl. Br. at 2; Def. Opp'n at 3.)  This action was initiated by the Administrator of the estate of Mr. Vitale, Jr. and Speedy Transport.

Mr. Vitale, Jr. was the principal and only employee of Speedy Transport, a towing company that owned one vehicle, a 1999 International flatbed tow truck.  (Def. Opp'n at 4.)  That vehicle was insured by Empire Fire under policy number CL427989, a policy issued on July 25, 2003.  (Pl. Br. at 1; Def. Opp'n at 4.)

The motorcycle operated by Mr. Vitale, Jr. at the time of his accident was insured through Rider Insurance.  (Def. Opp'n at 4.)  Mr. Vitale, Jr. also owned a personal vehicle insured under a one-year Hanover policy issued on June 2, 2003.  (*Id.*)  Both policies provided for uninsured motorist (UM) benefits.  (*Id.*)

The estate of Mr. Vitale, Jr. submitted a claim with Empire Fire for uninsured/under-insured motorist benefits in connection with the accident in which Mr. Vitale lost his life.  (Compl. ¶ 11.)  Empire Fire has refused to process the claim, on the grounds that Mr. Vitale, Jr.'s costs were not covered by the Empire Fire policy. (*Id.*, at ¶ 12.)  On February 15, 2005, Empire Fire filed a Complaint against Defendants in this Court seeking a declaration that no uninsured motorist coverage should be afforded to Mr. Vitale, Jr.  (Compl. at 3.)  On December 20, 2005, Hanover Insurance Co. ("Hanover") was granted the right to intervene in this action as an original party defendant.  On March 8, 2006, Empire Fire filed a Motion for Summary Judgment against Defendants.  Hanover was the only party to oppose the motion.

**DISCUSSION**

    **A.    STANDARD**

A party seeking summary judgment must "show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986); *Hersh v. Allen Prod. Co.*, 789 F.2d 230, 232 (3d Cir. 1986). The threshold inquiry is whether there are "any genuine factual issues that properly can be resolved only by a finder of fact because they may reasonably be resolved in favor of either party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 250 (1986) (noting that no issue for trial exists unless there is sufficient evidence favoring the nonmoving party for a jury to return a verdict in its favor). In deciding whether triable issues of fact exist, the court must view the underlying facts and draw all reasonable inferences in favor of the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *Pa. Coal Ass'n v. Babbitt*, 63 F.3d 231, 236 (3d Cir. 1995); *Hancock Indus. v. Schaeffer*, 811 F.2d 225, 231 (3d Cir. 1987).

    **B.    APPLICATION**

Empire Fire requests summary judgment that coverage under the Empire policy is limited to accidents involving the Speedy Transport tow truck, and that Mr. Vitale, Jr. is therefore not entitled to UM benefits under the Empire Fire policy. The Court will deny Plaintiff's request for the following reasons.

Under the law of the State of New Jersey, "[a]n insurance policy generally should be interpreted according to its plain and ordinary meaning." *Progressive Casualty Ins. v. Hurley*,

166 N.J. 260, 272-73 (2000), *citing Longobardi v. Chubb Ins. Co.*, 121 N.J. 530, 537 (1990).[1] "In the absence of any ambiguity, courts should not write for the insured a better policy of insurance than the one purchased." *Progressive*, at 273 (quotations omitted), *quoting Longobardi*, 121 N.J. at 537. "However, when a policy is unclear ambiguities ordinarily are resolved in favor of the insured." *Progressive*, at 273, *citing Cruz-Mendez v. ISU/Ins. Servs.*, 156 N.J. 556, 571 (1999); *see also Cumberland Mut. Fire Ins. Co. v. Murphy*, 183 N.J. 344, 351 (2005). Indeed, where the language of an insurance policy supports two meanings, one favorable to the insurer and the other to the insured, the interpretation favoring coverage should be applied. *Aetna Ins. Co. v. Weiss*, 174 N.J. Super. 292, 296 (N.J. Super. Ct. App. Div. 1980). A "genuine ambiguity" arises only "where the phrasing of the policy is so confusing that the average policyholder cannot make out the boundaries of coverage." *Weedo v. Stone-E-Brick, Inc.*, 81 N.J. 233, 247 (1979); *see also Nunn v. Franklin Mut. Ins. Co.*, 274 N.J. Super. 543, 548 (N.J. Super. Ct. App. Div. 1994).

Whether Mr. Vitale was covered by the Empire policy for costs incurred as a result of his accident hinges on whether he was an "insured" under the policy. The policy provides that:

If the Named Insured is designated in the Declarations as:

    1. An individual, then the following are "insureds":

---

[1] In determining what law to apply to claims under an insurance contract, New Jersey courts have adopted a flexible approach that focuses on the state that has the most significant connections with the parties and the transaction. *Bell v. Merchants & Businessmen's Mut. Ins. Co.*, 241 N.J.Super. 557, 561-62 (N.J. Super. Ct. App. Div. 1990), *cert. denied*, 122 N.J. 395 (N.J. Oct. 10, 1990); *McCabe v. Great Pac. Century Corp.*, 222 N.J. Super. 397, 399 (N.J. Super. App. Div. 1988). "[B]ecause the law of the place of contract generally comport[s] with the reasonable expectations of the parties concerning the principal situs of the insured risk, that forum's law should be applied unless the dominant and significant relationship of another state to the parties and the underlying issue dictates that this basic rule should yield." *Gilbert Spruance Co. v. Pa. Mfrs. Ass'n Ins. Co.*, 134 N.J. 96, 102 (1993) (quotations omitted), *quoting State Farm Mut. Auto. Ins. Co. v. Estate of Simmons*, 84 N.J. 28, 36-37 (1980). Accordingly, the law of the state of New Jersey will be applied in construing the terms of the insurance contract.

>> a. The Named Insured and any "family members".
>
> b. Anyone else "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>
> c. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".
>
> 2. A partnership, limited liability company, corporation or any other form of organization, then the following are "insureds":
>
>> a. Anyone "occupying" a covered "auto" or a temporary substitute for a covered "auto". The covered "auto" must be out of service because of its breakdown, repair, servicing, "loss" or destruction.
>>
>> b. Anyone for damages he or she is entitled to recover because of "bodily injury" sustained by another "insured".

Pl. Br., Ex. A. Empire Fire argues that the only named insured under the policy is Speedy Transport of New Jersey, Inc. and that neither the estate of Mr. Vitale, Jr. nor Hanover have offered any evidence suggesting that Mr. Vitale, Jr. qualified as insured under the policy. Pl. Br. at 3. Empire Fire concludes that Mr. Vitale, Jr. cannot be covered under the policy as the "covered auto" (the 1999 Flatbed Truck) was not involved in the accident that claimed his life.

Hanover responds that the Empire Fire policy is ambiguous on the issue of whether Mr. Vitale, Jr. or Speedy Transport Inc. are to be considered "insured." In particular, Hanover argues that while the corporate entity Speedy Transport is indeed listed as the named insured, the named insured is also described as an "Individual." Def. Opp'n at 11. This, it claims, would be consistent with Mr. Vitale, Jr.'s status as sole principal and employee of Speedy Transport. *Id.* Moreover, the policy includes an "Individual Named Insured" form, or Form CA 99 17 10 01, which Hanover contends would not have been issued if the named insured had been Speedy

Transport rather than Mr. Vitale, Jr. *Id.* Similarly, the underwriting file prepared in connection with the policy at issue lists Mr. Vitale, Jr. as the "applicant named insured" and refers to the type of business as "individual." Def. Opp'n, Ex. 7.

**CONCLUSION**[2]

Given the ambiguous nature of the language governing the Empire Fire policy's coverage, and viewing all evidence in light most favorable to non-movant, the Court finds that there is a genuine issue of material fact as to whether Mr. Vitale, Jr. was covered as an individual insured under the Empire policy. *See Progressive*, 166 N.J. 260, 276 (2001) (denying plaintiff's motion for summary judgment that individual defendant was not entitled to UM coverage under auto insurance policy on the grounds (i) that while named insured was corporation, endorsement

---

2   Plaintiff also argues that it need not reimburse Hanover for any costs relating to Mr. Vitale, Jr.'s accident even if the Court were to find that he was covered by the Empire Fire policy. Plaintiff does not, however, appear to seek summary judgment on the issue. For the sake of completeness, the Court will nonetheless consider Plaintiff's argument as a request for summary judgment.

Plaintiff claims that since the Empire policy provides that "[a]ny insurance [Empire Fire] provide with respect to a vehicle the Named Insured does not own shall be excess over any other collectible uninsured motorists or underinsured motorists insurance providing coverage on a primary basis," "the intervenor Hanover is entitled to no reimbursement for any monies paid, and must fully exhaust its coverage." Pl. Br. at 6-7, *quoting* Empire Fire Policy, Def. Opp'n, Ex. 7. Defendants respond, however, that the statutory provision of N.J.S.A. § 17:28-1.1(c) raises a genuine issue of material fact as to whether Empire Fire is exempt from contribution on those grounds. That statute provides, in part:

> Uninsured and underinsured motorist coverage provided for in this section shall not be increased by stacking the limits of coverage of multiple motor vehicles covered under the same policy of insurance nor shall these coverages be increased by stacking the limits of coverage of multiple policies available to the insured. If the insured had uninsured motorist coverage available under more than one policy, any recovery shall not exceed the higher of the applicable limits of the respective coverages *and the recovery shall be prorated between the applicable coverages as the limits of each coverage bear to the total of the limits*.

N.J.S.A. § 17:28-1.1(c) (emphasis added).

Viewing all evidence in light most favorable to non-movant, this Court finds that there remains a genuine issue of material fact as to whether Empire Fire is exempt from reimbursing Hanover on the grounds that Empire Fire's coverage is excess. The Court will therefore deny Empire Fire's motion for summary judgment on the issue.

referred to "family members" of named insured, and (ii) that corporation was "closely-held family corporation" often "identified with family members for purposes of interpreting UM/UIM clauses in insurance policies."). The Court will therefore deny Plaintiff's motion for summary judgment on the issue.  An appropriate form of Order accompanies this Opinion.


Dated December 19, 2006

                                               s/ Garrett E. Brown, Jr.
                                          GARRETT E. BROWN, JR., U.S.D.J.